[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11598
Non-Argument Calendar

_____

D. C. Docket No. 03-14052-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY CHARLES STEPHENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 23, 2005)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

A jury convicted appellant of possession with intent to distribute 50 grams

or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1), and the district court sentenced him to prison for 121 months.

Appellant's conviction was the result of an undercover investigation by the Florida Department of Law Enforcement, the Drug Enforcement Administration ("DEA"), and the sheriff's offices of two Florida counties, Highlands County and St. Lucie County. On June 5, 2003, in Avon Park, Florida, appellant sold three crack cocaine cookies weighing 62.7 grams to a confidential source for $2300. Several law enforcement officers witnessed the transaction. The officers did not arrest appellant at that time; rather, they set up a surveillance in an attempt to identify the source his drugs. The attempt failed, and on September 4, 2003, a Highlands County Sheriff's Office investigator and DEA agents arrested appellant for the June 5 trafficking episode. After receiving his Miranda warnings and acknowledging that he understood his rights, appellant stated that he had sold cocaine in the past but had been out of the crack cocaine business for a year—after returning from Jamaica and learning that his friends, Markyrei McCray, Ezzard Dixon, and Kenneth Jenkins, had been arrested for selling drugs. He said that after learning about their arrests, he limited his drug trafficking to marijuana.

In this appeal, appellant challenges his conviction and his sentence. He asks that we vacate his conviction and remand the case for a new trial on four grounds,

2

which we set out and dispose of in order.

1) The district court erred in denying his motion to suppress his post-arrest statements that he knew Markyrie McCray and Ezzard Dixon (who following their arrests implicated appellant as "Jamaican Brother," their crack cocaine supplier) because he was not informed of the offense for which he was being arrested and thus did not intelligently waive his right to remain silent. We find no merit in this ground because the record is replete with evidence that appellant was advised of his Miranda rights, understood them, and decided to talk. He admits this but says that his statements were involuntary because he was not informed of the specific date of the offense for which he was arrested. See Colorado v. Spring, 479 U.S. 564, 107 S. Ct. 851 (1987).

2) The district court abused its discretion in admitting appellant's post-arrest statements into evidence because their only relevance was to show that he was a person of bad character and had a propensity to engage in criminal activity or, alternatively, because the statements' probative value was substantially outweighed by their undue prejudice. This ground is frivolous. In pleading not guilty and standing trial, appellant place his intent to traffick crack cocaine in issue. The evidence he challenges was part of the prosecution's proof that he intended to sell crack cocaine on the occasion described in the indictment .

3

3) The district court committed plain error in not requiring the Government to produce as witnesses McCray, Dixon, and Kenneth Jenkins (who informed law enforcement that appellant was a crack supplier), and "Chill" and "TK," the two confidential informants involved in the June 5, 2003 drug transaction. He contends that the Sixth Amendment right of confrontation obligated the court to ensure the witnesses' presence. Appellant failed to object to the non-production of these witnesses; hence, we consider whether the court's refusal to act constituted plain error. Appellant cites no authority for such obligation, and we have been unable to find any. No plain error occurred here.

4) The district court abused its discretion in admitting into evidence the audiotape of the June 5, 2003 transaction and a transcript of a portion of the tape. Appellant did not object to the admission of the tape into evidence because he thought it contained exculpatory evidence. The court properly instructed the jury as to their use of the tape and transcript. We find no abuse of discretion here.

In sum, we find no cause for disturbing appellant's conviction. We therefore turn to the validity of his sentence.

Appellant challenges his sentence on the ground that Unites States v. Booker, 543 U. S. ____, 125 S. Ct. 738 (2005), which holds that the Sixth Amendment precludes the enhancement of a sentence under a mandatory

4

guidelines system, e.g., the federal guidelines sentencing system, based on facts not found by the jury beyond a reasonable doubt or admitted by the defendant. Because appellant did not present his Sixth Amendment objection to the district court, we examine his challenge for plain error.

No Sixth Amendment violation, and thus no plain error, occurred in this case because appellant was sentenced under U.S.S.G. § 2D1.1(a)(3) which provides a base offense level of 32 where the amount of crack cocaine involved in the offense is between 50 and 150 grams. The jury found that appellant's offense involved more than 50 grams or more of the drug; no Sixth Amendment violation occurred because in fashioning appellant's sentence, the court did not enhance the offense level based on extra-verdict facts.

Appellant does not argue in his brief that the court erred in treating the Sentencing Guidelines as mandatory. We therefore do not consider the point. We do note that the statute, 21 U.S.C. § 841(b)(1)(A), prescribing the penalty for appellant's offense imposes a mandatory minimum term of imprisonment of 120 months, with a maximum term of life. Appellant's sentence exceeds this mandatory minimum by one month. Were we to vacate his sentence and remand the case for resentencing under a sentencing regime that treats the Guidelines as advisory, as Booker requires, appellant could receive a sentence considerably in

5

excess of 121 months' imprisonment.  Given this possibility, we choose not to disturb appellant's sentence.

**AFFIRMED.**